IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00032-BNB

D. BROWN,

      Plaintiff,

v.

SUMMIT COUNTY SHERIFFS DEPARTMENT,
JEFF WILSON, Deputy,
JARED DENNIS, Detective,
CORNELL, Deputy,
JOHN MINOR, Sheriff, and
OTHER DEPUTIES, Unknown names,

      Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE

---

Plaintiff, D Brown, resides in Hollywood, California.  She initiated this action on January 6, 2014, by filing a Complaint asserting a deprivation of her constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  She filed an Amended Complaint on January 21, 2014.  (ECF No. 11).

Ms. Brown has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Ms. Brown is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Amended Complaint and has determined that it is deficient. For the reasons discussed below, the Amended Complaint will be dismissed, in part, and the remainder drawn to a presiding judge, and, if appropriate, a magistrate judge.

Ms. Brown claims in the Amended Complaint that the Defendants, the Summit County Sheriff's Department and its officers, have violated her constitutional rights pursuant to 42 U.S.C. § 1983. According to Plaintiff, her problems began when her husband, Neil Brown (N.B.), a police officer in Colorado and a citizen of Australia, conspired with the Defendants, his "friends and coworkers," to manipulate the judicial system and violate a California court-imposed restraining order against N.B. that prevented him from contacting Plaintiff and her children. (ECF No. 11, at 3). Ms. Brown alleges that N.B. kidnapped her children from a summer camp in California and that she has not seen the children since. Plaintiff believes that N.B. is hiding the children in Australia. She alleges that the Defendants, including the Sheriff, have refused to enforce both the restraining order against N.B. and the custody order she obtained from the California courts because N.B. is their "friend and fellow police officer" and he "should have the children." (*Id.* at 4, 7, 8). Plaintiff further alleges that a sheriff's deputy wrote a false report stating that N.B.'s children were taken from Summit County, even though the children had never lived in Summit County. According to Ms. Brown:

[N.B.] is attempting to hide behind the VOID second in time vexatious,

>harassing, parallel, Colorado case conflicting orders from his friend Eagle
>County Judge Moorhead, in knowing violation of UCCJEA, PKPA, VAWA
>when without jurisdiction to exercise jurisdiction on June 28, 2012 in an
>order that even stated they KNOW there is a 1ˢᵗ filed California proceeding
>with custody orders but violate the mandatory commands of the UCCJEA,
>PKPA and grant jurisdiction and home state to Colorado when that is NOT
>proper procedure or due process.

(*Id.* at 5).

Plaintiff further asserts that Colorado "did NOT make orders in conformity with

the PKPA and therefore is not to be granted full faith and credit . . . . California orders

WERE MADE IN CONFORMITY WITH THE PKPA therefore MUST be granted full faith

and credit of the April 24, 2012 orders granting full custody to Mother." (*Id.* at 6).  Ms.

Brown also alleges that the Defendants arrested her on false felony stalking charges

that were dismissed by the deputy district attorney approximately five months later.  She

further states that the Defendants refused to accept her complaint against N.B. and one

unidentified deputy threatened to kill her if she returned to Summit County.

Plaintiff asserts the following claims: (1) that the Defendants have violated 18

U.S.C. § 3182 (the Extradition Act); 28 U.S.C. § 1738 (the full faith and credit statute);

18 U.S.C. § 2265 (full faith and credit given to protection orders); and, 18 U.S.C.

§ 3771(a)(1) (crime victims' rights) by not granting full faith and credit to orders issued

by the California courts; (2) that Defendants have violated the Parental Kidnapping

Prevention Act of 1980 (PKPA), 28 U.S.C. § 1738A; and, (3) that Defendants have

violated Plaintiff's Fourteenth Amendment procedural and substantive due process

rights by refusing to afford full faith and credit to orders and warrants issued by the

California state courts.  Plaintiff also asserts state law claims of false arrest, false

imprisonment, and abuse of process.  She seeks injunctive relief and damages.

### A. Federal Claims

#### 1. Violation of 18 U.S.C. § 3182 (the Extradition Act)

As an initial matter, Ms. Brown does not state an arguable claim for relief under

§ 1983 based on her allegations that the Defendants have violated the Extradition Act of

1793, codified at 18 U.S.C. § 3182, by failing to enforce orders issued by the California

courts.  Although the Circuit Court of Appeals for the Tenth Circuit has recognized that a

government official's failure to comply with extradition laws is actionable under section

1983, *see Ortega v. City of Kansas City, Kan.*, 875 F.2d 1497, 1500 (10th Cir. 1989)

(collecting cases) and *Scull v. New Mexico*, 236 F.3d 588, 595 n.1 (10th Cir. 2000)

(collecting cases), the federal cause of action belongs to the alleged fugitive.  *See id.*

The Court is not aware of any case holding that a third person may enforce the

provisions of the Extradition Act under § 1983.  As such, Plaintiff may not maintain a §

1983 claim based on the Defendants' alleged violation of 18 U.S.C.

§ 3182.

#### 2. Violation of the PKPA

Ms. Brown cannot pursue a cause of action under § 1983 based on the

Defendants' alleged violation of the PKPA, 28 U.S.C. § 1738A.  The PKPA "prescribes a

rule by which courts, Federal and State, are to be guided when a question arises in the

progress of a pending suit as to the faith and credit to be given by the court to the

. . . judicial proceedings of [another] State." *Thompson v. Thompson*, 484 U.S. 174,

182-83 (1988) (citation omitted).  The PKPA mandates that when a state enters an

initial custody determination, a second state must enforce that determination provided

that the state made the determination in compliance with the PKPA. *Id.*; 28 U.S.C.

§ 1738A(a).  Conversely, if a state court's custody determination fails to conform to the

PKPA's requirements, then the custody determination is not entitled to full faith and

credit enforcement in another state.  *See id.* at 176-77; *see also* § 1738A (conditioning

interstate enforcement of a custody determination on the determination having been

"made consistently with the provisions of [the PKPA] by a court of another State.").

Colorado statutes and case law incorporate the requirements of the PKPA. *See, e.g.*, 28

U.S.C. § 1738A(c)-(d), (h) (rules for initial jurisdiction, continuing jurisdiction, and

jurisdiction to modify); COLO. REV. STAT. (C.R.S.) §§ 14-13-201 to -203, C.R.S. (2010)

(same); *People ex rel. A.J.C.*, 88 P.3d 599, 611 (Colo. 2004) (recognizing that the

PKPA controls whether Colorado must enforce another state's child custody

determination).

The PKPA does not create an implied cause of action in federal court to

determine which of two conflicting state custody decrees is valid.  *See Thompson*, 484

U.S. at 187; *see also Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d

435, 437 (10th Cir. 1992).  Instead, such conflicts are resolved in the state courts

pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), 9

U.L.A. §§ 1-28 (1979), which prescribes uniform standards for deciding which State

could make a custody determination and obligated enacting States to enforce the

determination made by the State with proper jurisdiction.  *Id.* at 181.  The Colorado

General Assembly has adopted the provisions of and comments to the UCCJEA. *See*

§ 14-13-101, C.R.S.; *see also In re L.S.*, 257 P.3d 201 (Colo. 2011) (applying UCCJEA

and holding that Colorado state courts were not required to recognize or enforce a

Nebraska child custody order awarding custody of child to father).

Accordingly, Plaintiff does not have a remedy in this Court to enforce the California child custody order, under federal or state law.  The "[f]ederal courts have long disclaimed responsibility for domestic relations cases, leaving the power to issue and enforce 'divorce, alimony, and child custody decrees' to the states."  *Wyttenbach v. Parrish*, No. 12-4074, 496 F. App'x 796, 797 (10th Cir. Sept. 7, 2012) (unpublished) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)).  *See also Moore v. Sims*, 442 U.S. 415, 435 (1979) ( "Family relations are a traditional area of state concern.").  Ms. Brown makes a vague allegation that the Eagle County District Court refused to honor her California custody order in a 2012 proceeding.  If Plaintiff is dissatisfied with the state district court's order, her remedy, if any, is in the Colorado appellate courts, and, ultimately, in the United States Supreme Court.  *See Thompson*, 484 U.S. at 185-87.

### 3.      Violation of other federal statutes

Plaintiff claims that Defendants have refused to enforce and give full faith and credit to the restraining order and accompanying orders issued by the California state court, as required by 28 U.S.C. § 1738 (full faith and credit statute), 18 U.S.C. § 2265 (full faith and credit given to protection orders) and 18 U.S.C. § 3771(a)(1) (crime victims' rights).

Ms. Brown cannot pursue a § 1983 claim against Defendants based on their alleged violation of 18 U.S.C. § 3771(a)(1).  The statute applies only to victims of federal crimes, *see* 18 U.S.C. § 3771(e), and Plaintiff does not allege that N.B. was convicted of a federal crime.  In addition, § 3771 provides that "[n]othing in this chapter shall be

construed to authorize a cause of action for damages . . . ." 18 U.S.C.

§ 3771(d)(6); *see also Walsh v. Krantz*, No. 07-CV-0616, 2008 WL 2329130, at *8 n. 32

(M.D.Pa. 2008) ("This subsection [§ 3771(d)(6)] demonstrates that this statute does not

create "'an individually enforceable right'") (citing *City of Rancho Palos Verdes, Cal. v.*

*Abrams,* 544 U.S. 113, 120 (2005)).

Plaintiff's claims under 28 U.S.C. § 1738[1] and 18 U.S.C. § 2265[2] against the

individual Defendants merit further review and are not subject to summary dismissal.

Although the Supreme Court in *Thompson* determined that the PKPA does not create a

private right of action enforceable in the federal district courts, the Tenth Circuit in

*Finstuen v. Crutcher,* 496 F.3d 1139 (10th Cir. 2007), held that an Oklahoma statute

that categorically rejected a class of out-of-state adoption decrees violated the Full Faith

and Credit Clause of the United States Constitution, U.S. Const. Art. 4, § 1. *Id.* at 1140,

1156. The Tenth Circuit agreed with the appellants' argument that "[respondents] are

---

[1]The full faith and credit statute, 28 U.S.C. § 1738, provides:

> Such Acts, records and judicial proceedings or copies thereof [of any State, Territory, or Possession of the United States], so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738.

[2] 18 U.S.C. § 2265 (full faith and credit for protection orders), provides:

> (a) Full faith and credit.--Any protection order issued that is consistent with subsection (b) of this section by the court of one State, Indian tribe, or territory (the issuing State, Indian tribe, or territory) shall be accorded full faith and credit by the court of another State, Indian tribe, or territory (the enforcing State, Indian tribe, or territory) and enforced by the court and law enforcement personnel of the other State, Indian tribal government or Territory as if it were the order of the enforcing State or tribe.

18 U.S.C. § 2265(a).

obligated under Oklahoma law to issue a supplemental birth certificate and that they

have failed to fulfill the constitutionally-imposed duty on states to recognize another

state's judgment. *Id.* at 1155.  The Tenth Circuit thus affirmed the district court's order

directing the respondents, executive officials for the State of Oklahoma and the

Oklahoma State Department of Health, to issue a new birth certificate to the adopted

child of two of the plaintiffs. *Id.* at 1142, 1156.  Although *Finstuen* is distinguishable from

the present action in that the respondents in *Finstuen* were state officials, the Court is

reluctant to dismiss summarily Ms. Brown's claims alleging that Defendants failed to

comply with 28 U.S.C. § 1738 and 18 U.S.C. § 2265 (which contains similar full faith

and credit language directed at the state courts and "law enforcement personnel").

However, Plaintiff cannot maintain a federal cause of action against the Summit

County Sheriff's Office.  The Sheriff's Office is not an entity separate Summit County,

and, therefore is not a person subject to suit under § 1983.  *See Stump v. Gates*, 777 F.

Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

### 4.  Due process claim

Ms. Brown's allegation that the Defendants refused to enforce a restraining order

issued by a California state court against N.B. in the state of Colorado does not state an

arguable due process claim.  The Supreme Court has made clear in *DeShaney v.*

*Winnebago County Dept. of Soc. Servs.*, 489 U.S. 189 (1989), and *Town of Castle*

*Rock, Colo. v. Gonzales*, 545 U.S. 748 (2005), that there is no right under the Due

Process Clause, either procedural or substantive, to have the police enforce a

restraining order or to arrest some third party. *Gonzales*, 545 U.S. at 749.  In *Gonzales*,

the Supreme Court reiterated its "continuing reluctance to treat the Fourteenth

Amendment as 'a font of tort law,'" *Id.* at 768 (quoting *Parratt v. Taylor*, 451 U.S. 527,

544 (1981) (internal quotation marks omitted), and recognized that it is up to the States

to provide victims with personally enforceable remedies. *Id.* at 768-69.  Accordingly, the

Fourteenth Amendment due process claim will be dismissed.

## B.  State Law Claims

Ms. Brown asserts state law claims against Defendants of false arrest and

imprisonment and abuse of process.

A plaintiff properly invokes § 1332 jurisdiction when she presents a claim

between parties of diverse citizenship that exceeds the required jurisdictional amount,

currently $75,000. *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S.

500, 513 (2006).  To demonstrate federal jurisdiction pursuant to § 1332, allegations of

diversity must be pleaded affirmatively.  *See Penteco Corp. Ltd. Partnership-1985A v.*

*Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991) (citations omitted).

Ms. Brown alleges that she is a citizen of California and that the Defendants are

citizens of Colorado. (ECF No. 11, at 2).  These allegations are sufficient to invoke the

Court's diversity jurisdiction.  Further, upon review pursuant to D.C.COLO.LCivR 8.1(a),

the Court finds that the state law claims are not appropriate for summary dismissal.

However, Ms. Brown cannot maintain state law tort claims against the Summit

County Sheriff's Office because under Colorado law, municipalities and counties, not

their various subsidiaries and departments, are empowered with the ability to sue and

be sued.  § 31-15-101, C.R.S.

After review pursuant to D.C.COLO.LCivR 8.1(a), the Court has determined that

Ms. Brown's federal claims asserting a violation of 28 U.S.C. § 1738 and 18 U.S.C.

§ 2265(a) (full faith and credit given to protection orders), and her state law claims

arising under 28 U.S.C. § 1332, do not appear to be appropriate for summary dismissal

and that the case should be drawn to a presiding judge, and, if appropriate, to a

magistrate judge.  *See* D.C.COLO.LCivR 8.1(c).  Accordingly, it is

ORDERED that Plaintiff's federal claims asserting a violation of 18 U.S.C. § 3182

(the Extradition Act), 18 U.S.C. § 3771(a)(1) (crime victims' rights), the PKPA, 28 U.S.C.

§ 1738A; and, a deprivation of her Fourteenth Amendment due process rights under 42

U.S.C. § 1983 are DISMISSED. It is

FURTHER ORDERED that the Summit County Sheriff's Office is DISMISSED.  It

is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if

appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED at Denver, Colorado, this   19th   day of    February       , 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court