**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-0032-WJM-BNB

D. BROWN,

      Plaintiff,

v.

JEFF WILSON, Deputy,
JARED DENNIS, Detective,
CORNELL, Deputy,
JOHN MINOR, Sheriff, and
OTHER DEPUTIES, Unknown names,

      Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

---

      *Pro se* Plaintiff D. Brown ("Plaintiff") brings this action under 42 U.S.C. § 1983

against Defendants Deputy Jeff Wilson, Detective Jared Dennis, Deputy Cornell, Sheriff

John Minor, and unknown Sheriff's deputies (collectively "Defendants").  (ECF No. 1.)

      This matter is before the Court on Plaintiff's construed Motion for a Preliminary

Injunction.  (ECF Nos. 5, 15, 28.)  For the reasons set forth below, the Motion is denied.

## I.  BACKGROUND

      This case arises out of an alleged conspiracy between Plaintiff's estranged

husband, Neil Brown, a Colorado police officer and a citizen of Australia, and the

Defendants, members of the Summit County Sheriff's Department and Mr. Brown's

"friends and coworkers".  (ECF No. 11 (Am. Compl.) at 3.)  Plaintiff contends that

Defendants and Mr. Brown conspired to manipulate the judicial system and violate a

California court-imposed domestic violence restraining order ("DVRO") against Mr. Brown. (*Id.*) The DVRO prevented Mr. Brown from contacting Plaintiff or their children, and contained custody orders granting Plaintiff full custody of the children. (*Id.*) Plaintiff alleges that Mr. Brown kidnapped the children from a California summer camp in June 2013, and that she has not seen the children since. (*Id.*)

Plaintiff also alleges that because of Defendants' conspiracy with Mr. Brown, they arrested her on false felony stalking charges in Colorado, which were dismissed by the deputy district attorney approximately five months later. (*Id.* at 24-25.) She states that Defendants refused to accept her complaint against Mr. Brown, and one unidentified deputy threatened to kill her if she returned to Summit County. (*Id.*)

On December 24, 2013, Plaintiff sought relief in California state court and obtained an Initial Order and Warrant ("Warrant") directing enforcement of the DVRO. (ECF No. 5 at 7-9.) The Warrant stated that "the District Attorney of Los Angeles County, and FBI for interstate enforcement, is authorized and directed to conduct an investigation and to take all actions necessary to locate Neil Brown, Respondent, and the minor child(ren) and to procure compliance with the custody order" by taking temporary custody of the children and turning them over to Plaintiff. (*Id.*) However, the Warrant has not been enforced in Colorado, allegedly because of the conspiracy between Mr. Brown and Defendants. (*Id.* at 3-5.) Plaintiff believes that Mr. Brown may be hiding the children in Colorado, that Mr. Brown's current girlfriend is telling them that she is their new mother, and that Mr. Brown may be planning to take the children to Australia. (Am. Compl. pp. 24-25.)

2

On January 6, 2014, Plaintiff filed this action under 42 U.S.C. § 1983 against

Defendants Deputy Sheriff Jeff Wilson, Detective Jared Dennis, Deputy Sheriff Cornell,

Sheriff John Minor, and unknown Sheriff's deputies, and the Summit County Sheriff

Department.  (ECF No. 1.)  At the Court's request, Plaintiff filed her Amended

Complaint on January 21, 2014.  (ECF No. 11.)  Plaintiff's Amended Complaint brings

claims under 18 U.S.C. § 3182 (the Extradition Act), 28 U.S.C. § 1738 (the full faith and

credit statute), 18 U.S.C. § 2265 (full faith and credit given to protection orders), 18

U.S.C. § 3771(a)(1) (crime victims' rights), the Parental Kidnapping Prevention Act of

1980, 28 U.S.C. § 1738A, and the Due Process Clause of the Fourteenth Amendment.

(Am. Compl. pp. 13-30.)  Plaintiff also asserts state law claims of false arrest, false

imprisonment, and abuse of process.  (*Id.* pp. 23-25.)

Within Plaintiff's Amended Complaint, she requested a Temporary Restraining

Order ("TRO") and/or a Preliminary Injunction.  (Am. Compl. p. 30.)  On the same day

that Plaintiff filed her Amended Complaint, she also filed a proposed order entitled

"Motion for Preliminary Injunction Order With Notice".  (ECF No. 5.)  On February 5,

2014, Plaintiff filed a Motion for Status on TRO or Preliminary Injunction.  (ECF No. 15.)

On February 19, 2014, U.S. District Judge Lewis T. Babcock issued an Order

dismissing Plaintiff's claims asserting a violation of the Extradition Act, crime victims'

rights statute, and the PKPA, as well as Plaintiff's Fourteenth Amendment due process

claim.  (ECF No. 18.)  The remaining claims include the alleged violations of the full

faith and credit statutes, 28 U.S.C. § 1738 and 18 U.S.C. § 2265(a), and the state law

claims for false arrest, false imprisonment, and abuse of process, which arise under

diversity jurisdiction, 28 U.S.C. § 1332.  (*Id.*)

3

On February 21, 2014, the Court construed Plaintiff's requests for injunctive relief as a Motion for TRO or Preliminary Injunction ("Motion"), denied the Motion with respect to the TRO request, and set a hearing with respect to the preliminary injunction request. (ECF No. 22.)  Due to difficulty contacting Plaintiff and because there was no indication that Defendants had yet been properly served, Plaintiff was ordered to contact the Court to ensure that Defendants had been notified of the hearing, at penalty of vacating the hearing and denying the Motion without prejudice.  (ECF No. 24.)  Plaintiff called Chambers on the morning of March 3, 2014 and stated that she had notified Defendants of the impending hearing.  She then filed a notice to the same effect, and attached an e-mail that she sent to two of the Defendants, Sheriff Minor and Detective Dennis, dated Thursday, February 27, 2014 and entitled "HEARING DATE US District Preliminary Injunction".  (ECF No. 27 at 3.)

On March 5, 2014, Plaintiff filed another Motion for Preliminary Injunction.  (ECF No. 28.)  Later that same morning, a hearing was held on Plaintiff's Motion and Plaintiff's argument was heard.  (ECF No. 31.)  Neither Defendants nor any representative for Defendants appeared at the hearing.  (*Id.*)  At the conclusion of the hearing, the Court denied the Motion, and stated that the instant written Order would be forthcoming.

On March 5, 2014, the Clerk received notice from the United States Marshal Service that Defendants Sheriff Minor, Detective Dennis, Deputy Cornell, and other unknown deputies were properly served with the Summons and Amended Complaint on March 4, 2014.  (ECF Nos. 34-37.)  The summons was returned unexecuted as to Deputy Jeff Wilson.  (ECF No. 33.)

4

## II.  LEGAL STANDARD

To prevail on a motion for injunctive relief, the movant must establish that four equitable factors weigh in her favor: (1) she is substantially likely to succeed on the merits; (2) she will suffer irreparable injury if the injunction is denied; (3) her threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest.  *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009).  "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).  If the moving party can demonstrate that the second, third, and fourth factors "tip strongly in his favor, the test is modified," and the movant "may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation."  *Okla. ex rel. Okla. Tax Comm'n v. Int'l Registration Plan, Inc.*, 455 F.3d 1107, 1113 (10th Cir. 2006).

Greater scrutiny is applied to a request that falls within one of the "three types of specifically disfavored preliminary injunctions: (1) preliminary injunctions that alter the *status quo*; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits."  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005) (internal quotation marks and ellipsis omitted).  "Such disfavored injunctions 'must be more closely scrutinized to assure that the exigencies of the case support the granting of a

5

remedy that is extraordinary even in the normal course.'" *Id.* (quoting *O Centro Espirita*

*Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004)).  This

increased scrutiny does not impose a heightened standard.  *Id.* at 1259-61 (rejecting a

magistrate judge's requirement that each factor weigh "heavily and compelling" in the

movant's favor when the requested injunction is disfavored).  However, the modified

test for likelihood of success does not apply to such disfavored injunctions, and each

factor must be unequivocally met to merit injunctive relief.  *O Centro*, 389 F.3d at 979-

80.

### III.  ANALYSIS

Plaintiff's Motion requests a preliminary injunction to enforce the California

DVRO and Warrant, and to have her children returned to her.  (Am. Compl. pp. 30-33.)

The Court finds that Plaintiff has failed to satisfy the necessary factors to merit a

preliminary injunction as to the second factor (irreparable injury) and third factor

(balance of injuries) of the four-factor test.  *See Westar Energy*, 552 F.3d at 1224.

With regard to the second factor, Plaintiff is required to show that she will suffer

"irreparable injury in the absence of the prospective relief".  *Id.* at 1225.  Plaintiff

asserted at the hearing that the irreparable injury in this case included "parental

alienation" from her children and resulting trust and anger issues the children would

face, as well as potential abuse they would suffer at the hands of their father.  When

asked for evidence of the potential abuse, Plaintiff stated that on one occasion in 2011,

Mr. Brown showed the children a video of himself having sex with his girlfriend, and

subsequently accused them of lying about having watched the video.  Plaintiff stated

6

that in view of a police officer, Mr. Brown laid down in the back of the car while they were seated there and hit, swore, and spit at them.  Plaintiff stated that she subsequently called child services and obtained therapy for the children because they were very upset.  Plaintiff admitted that Mr. Brown was never charged with or convicted of any abuse of the children, but asserted that he had been protected by his relationship with Colorado law enforcement.  When asked for any evidence of abuse currently occurring or likely to occur, Plaintiff stated that she had no knowledge of their current well-being or whereabouts, but that she had seen the Facebook page of Mr. Brown's current girlfriend on which she had asserted that the children were hers and that she was their new mother, which constituted irreparable damage.  Plaintiff further cited the DVRO, which included the children as protected persons, as evidence of potential abuse.

The Court finds these assertions insufficient to establish irreparable injury for the purposes of a preliminary injunction.  Plaintiff claims that, based upon the 2011 incident she described, it will be unhealthy and perhaps mentally damaging for the children to remain in Mr. Brown's care.  However, the Court does not find that this one event makes it likely that future abuse will occur.  Thus, apart from her assertions of "parental alienation", Plaintiff has established no current or future irreparable harm that is likely to occur if the injunction is not granted.

With respect to the third factor, Plaintiff's failure to establish irreparable harm prevents her from demonstrating that injury to her would outweigh the injury to any opposing parties from granting the injunction.  The Court has no evidence of the potential harm to other parties, as no other party was present at the hearing.  However,

Plaintiff has shown that Mr. Brown obtained custody orders in Colorado that conflict with the California orders, establishing that he has at least some interest in maintaining custodial rights that would be harmed by the issuance of the injunction.

With respect to Defendants, their failure to appear likely resulted from the fact that they had not yet been properly served with the Summons and Amended Complaint and did not have notice of the Motion.  Further, Plaintiff's e-mail to two of the Defendants failed to demonstrate that they had notice of the hearing.  Plaintiff explained at the hearing that Sheriff Minor confirmed that her e-mail was received when he replied to the e-mail, stating that he had referred Plaintiff's case to Deputy Wes Mumford, who is not a defendant in this case.  However, based on the other documentation Plaintiff has provided, it appears that Sheriff Minor considered Plaintiff's e-mail to be part of the numerous complaints she has made to the Summit County Sheriff's Department with respect to Mr. Brown, rather than part of this federal lawsuit in which he was named as a defendant.  (*See, e.g.*, ECF No. 28 at 35-43 (e-mails between Plaintiff and Detective Dennis regarding Plaintiff's reports of conspiracy, adultery, bigamy, and false reporting).)  Thus, there is some question of whether Defendants had notice of the preliminary injunction hearing.  The law is clear that without notice to the adverse party, no injunction may issue.  *See* Fed. R. Civ. P. 65(a)(1).

Plaintiff's requested injunction falls within all three of the "specifically disfavored" injunctive categories: it would alter the *status quo*, it requires affirmative action rather than a negative prohibition, and it would grant Plaintiff the entirety of the relief she seeks under her full faith and credit claims.  *Schrier*, 427 F.3d at 1259.  Plaintiff also

8

seeks damages under her state law claims, but conceded at the hearing that the return of the children through enforcement of the California DVRO and Warrant was the principal relief sought.  Because of the nature of her requested preliminary injunction, Plaintiff's Motion demands greater scrutiny, and if borderline, it must be rejected.  *See id.*

In the absence of "clear and unequivocal" evidence of irreparable harm that outweighs any injury to opposing parties, the Court is unable to grant the "extraordinary remedy" of a preliminary injunction.  *See Greater Yellowstone Coal.*, 321 F.3d at 1256. Plaintiff has failed to meet her burden of showing such harm.  Accordingly, the Court need not consider Plaintiff's likelihood of success on the merits or whether the injunction would be adverse to the public interest.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's construed Motion for a Preliminary Injunction (ECF No. 5; ECF No. 15; ECF No. 28) is DENIED.  This action remains pending as to Plaintiff's full faith and credit claims under 28 U.S.C. § 1738 and 18 U.S.C. § 2265(a), and the state law claims for false arrest, false imprisonment, and abuse of process.

Dated this 6th day of March, 2014.

BY THE COURT:

William J. Martinez
United States District Judge