IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00032-WJM-BNB

D BROWN,

Plaintiff,

v.

DEPUTY JEFF WILSON,
DETECTIVE JARED DENNIS,
DEPUTY CORNELL,
SHERIFF JOHN MINOR, and
OTHER DEPUTIES UNKNOWN NAMES TO ENTER AT A LATER DATE,

Defendants.

___

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
___

This matter arises on the **Motion to Dismiss of Defendants Detective Jared Dennis, Deputy Cornell, and Sheriff John Minor under Rules 12(b)(1) and 12(b)(6)** [Doc. #43, filed 03/25/2014] (the "Motion").[1]  I respectfully RECOMMEND that the Motion be GRANTED.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of

---

[1]Defendant Jeff Wilson joined in the Motion on May 20, 2014 [Doc. #72].

the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  BACKGROUND

The plaintiff filed her Amended Complaint on January 21, 2014 [Doc. #11].  The Amended Complaint is not a model of clarity.  The plaintiff alleges that her husband, non-party Neil Brown (a Colorado police officer and citizen of Australia), conspired with the defendants (officers of the Summit County Sheriff's Department and "friends and coworkers" of Mr. Brown), to manipulate the judicial system and violate a California court-imposed domestic violence restraining order and custody order.  The restraining order prevented Mr. Brown from contacting the plaintiff and her children.  The plaintiff alleges that Mr. Brown kidnapped the children from a summer camp in California in June 2013 and that she has not seem them since.  The plaintiff further alleges that the defendants have refused to enforce the restraining order and the custody order because Mr. Brown is their "friend and fellow police officer" and because they believe that Mr. Brown "should have the children." The plaintiff also alleges that the defendants arrested her on false felony stalking charges that were dismissed by the deputy district attorney approximately five months later.  She states that the defendants refused to accept her complaint against Mr. Brown, and an unidentified deputy threatened to kill her if she returned to Summit County.

On February 19, 2014, the court conducted a review of the Amended Complaint for frivolousness under 28 U.S.C. § 1915 [Doc. #18].   A claim is frivolous if it lacks an arguable basis in law or fact.  Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006).  Under this standard, the court dismissed several claims and one defendant.  One federal claim survived initial review.  That claim is brought pursuant to 42 U.S.C. § 1983 and asserts that the defendants have refused

to enforce and give full faith and credit to the restraining order and accompanying orders as required by 28 U.S.C. § 1738 and 18 U.S.C. § 2265. Also remaining are state law claims arising under 28 U.S.C. § 1332 for false arrest and imprisonment and abuse of process.

## III.  ANALYSIS

### A.  Full Faith and Credit Claim

The court's initial review for frivolousness notwithstanding, at this point in the litigation the Amended Complaint must contain sufficient facts to plausibly support a claim for relief. Plausibility refers to "the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  Robbins v. Okla. ex rel. Dep't of Human Servs., 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Tenth Circuit Court of Appeals has instructed:

> [T]o withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face. The [Supreme Court] has explained that two working principles underlie this standard. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Thus, mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim. And second, only a complaint that states a plausible claim for relief survives a motion to dismiss. In other words, a plaintiff must offer sufficient factual allegations to raise a right to relief above the speculative level. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable.

Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotations and citation omitted).

To state a claim in federal court, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). "In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Robbins, 519 F.3d at 1250.

Here, the Amended Complaint does not contain any specific factual allegations regarding each defendant's violation of the full faith and credit statutes. To the contrary, the plaintiff's allegations are vague and conclusory. It is impossible to discern the content of the orders at issue; which defendant(s) did not grant full faith and credit to the orders; and exactly what actions or inactions of each defendant constituted a violation of the full faith and credit statutes. The plaintiff's claim for failure to afford full faith and credit should be dismissed for failure to state a plausible claim.

### B. State Law Claims

The plaintiff's remaining claims are state law torts for false arrest and imprisonment and abuse of process. The defendants assert that the plaintiff's tort claims are barred by the Colorado Governmental Immunity Act (the "CGIA") because the plaintiff did not file notice of her claims

as required by section 24-10-109(1), C.R.S.  The defendants are asserting a factual challenge to the court's subject matter jurisdiction.  Therefore, I do not presume the truthfulness of the Complaint's factual allegations, and I may consider affidavits and other documents to resolve disputed jurisdictional facts.  Holt, 46 F.3d at 1003.

In addition, determination of the notice issue does not touch on the merits of the case.  See Cizek v. United States, 953 F.2d 1232, 1233 (10th Cir. 1992) (holding that the question of whether notice was properly given under the Federal Tort Claims Act is properly handled under Fed. R. Civ. P. 12(b)(1) rather than as summary judgment under Fed. R. Civ. P. 56).  See also Trinity Broadcasting of Denver, Inc., v. City of Westminster, 848 P.2d 916, 924 (Colo. 1993). (holding that when a public entity claims that it did not have proper notice under the CGIA, the issue must be decided as a Rule 12(b)(1) motion for lack of jurisdiction rather than a motion for summary judgment).  Therefore, I analyze this issue under the standards applicable to Rule12(b)(1) rather than the Rule 56 summary judgment standards.  Pringle v. United States, 208 F.3d 1220, 1222 (10th Cir. 2000).

The CGIA, contained at sections 24-10-101 *et seq*., C.R.S., sets forth the circumstances under which a plaintiff may bring an action in tort against the state, its political subdivisions, and its employees.  Mesa County Valley School District v. Kelsey, 8 P.3d 1200, 1203 (Colo. 2000).  Section 24-10-109(1) requires:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred and eighty-two days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or a

> cause of action for such injury. Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

Compliance with the notice provision implicates the court's subject matter jurisdiction. Section 24-10-109(1), C.R.S.; City and County of Denver v. Crandall, 161 P.3d 627, 634 (Colo. 2007) (stating that "[t]he CGIA notice of claim provision is both a condition precedent and a jurisdictional prerequisite to suit under the CGIA, must be strictly applied, and failure to comply with it is an absolute bar to suit"). See also Trinity, 848 P.2d at 924. The burden is on the plaintiff to prove "jurisdictional facts adequate to support subject matter jurisdiction." Crandall, 161 P.3d at 632. "Unlike under ordinary statutes of limitations, a plaintiff cannot invoke equitable defenses such as waiver, tolling, or estoppel to overcome the CGIA 180–day notice of claim provision. If a claimant fails to comply, a court must dismiss the matter for lack of subject matter jurisdiction." Id. at 633 (internal citation omitted).

The notice must contain the name and address of the claimant; a concise statement of the factual basis of the claim, including the date, time, place, and circumstances of the act, omission, or event complained of; the name and address of the public employee(s) involved; a concise statement of the nature and extent of the injury; and a statement of the amount of monetary damages being requested. Id. at § 109(2). The notice must be filed with the attorney general if the claim is against the state or an employee of the state. If the claim is against any other public entity or an employee of a public entity, the notice must be filed with the governing body of the entity. "Such notice shall be effective upon mailing by registered or certified mail, return receipt requested, or upon personal service." Id. at § 109(3)(a).

Summit County is a public entity. Its governing body is the Summit County Board of Commissioners. C.R.S. § 30-11-103 (2006). The County Attorney represents Summit County through its Board of County Commissioners. The designated agent for service of process on Summit County is "the county clerk, chief deputy, or county commissioner." Colo. R. Civ. P. (4)(e)(7).

In her response, the plaintiff states:

> The Plaintiff pleads compliance with notice under the CGIA's notice provision as formal notice was immediately brought to Defendants in July, August, September, October, November, December 2012 verbally, in written complaints personally handed the Summit County Sheriff office, complaints in emails to Defendant; as well as conferred BEFORE filing this civil case with "formal notice" that a federal civil case would be filed which also falls within the 182 days. Plaintiff specifically called and emailed Sheriff John Minor and the Summit County DA Franks, the elected head DA Bruce Brown to confer specifically as[2]

*Brief in Support to Deny Defendants' Motion to Dismiss of Defendants Detective Jared Dennis, Deputy Cornell, and Sheriff John Minor* [Doc. #54] (the "Response"), p. 72.

The plaintiff does not provide any competent evidence to show that she provided proper notice to the defendants. "The GIA's notice requirements are designed to permit a public entity to conduct a prompt investigation of the claim and thereby remedy a dangerous condition, to make adequate fiscal arrangements to meet any potential liability, and to prepare a defense to the claim." City of Lafayette v. Barrack, 847 P.2d 136, 139 (Colo. 1993) (citations omitted). "The CGIA notice of claim provision is both a condition precedent and a jurisdictional prerequisite to suit under the CGIA, must be strictly applied, and failure to comply with it is an absolute bar to

---

[2]The paragraph ends as stated. The Response is not sworn.

suit." Crandall, 161 P.3d at 634.  The plaintiff has failed to demonstrate that she met the notice requirements as to the claims against the defendants.  Therefore, Motion should be granted and the plaintiff's state law tort claims should be dismissed with prejudice.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Motion [Doc. #43] be GRANTED and that the Amended Complaint be DISMISSED.[3]

Dated November 5, 2014.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge

---

[3] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).