**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-0032-WJM-BNB

D. BROWN,

      Plaintiff,

v.

DEPUTY JEFF WILSON,
DETECTIVE JARED DENNIS,
DEPUTY CORNELL,
SHERIFF JOHN MINOR, and
OTHER DEPUTIES UNKNOWN NAMES TO ENTER AT A LATER DATE,

      Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE

---

This matter is before the Court on Plaintiff's "Motion to Set Aside Void and Vacate Order." (ECF No. 89.) Plaintiff's Motion seeks to vacate the Court's December 2, 2014 Order, which adopted the findings of United States Magistrate Judge Boyd N. Boland and granted Defendants' Motion to Dismiss. (ECF No. 80.) For the reasons set forth below, Plaintiff's Motion is denied.

## I.  BACKGROUND

Defendants Jared Dennis, Deputy Cornell, and Sheriff John Minor filed a Motion to Dismiss on March 25, 2014 under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 43), and Defendant Jeff Wilson (collectively "Defendants") joined the Motion on May 20, 2014 (ECF No. 72). On November 5, 2014, Judge Boland recommended that the Court grant Defendants' Motion to Dismiss. (ECF No. 78.) Although Judge Boland's Recommendation advised the parties that specific, written objections were due within

fourteen days after service of the Recommendation, Plaintiff filed no objections.  (ECF

No. 80.)  The Court reviewed the Recommendation and found that Judge Boland's

"analysis was thorough and sound."  (*Id*. at 1.)  Therefore, on December 2, 2014, the

Court adopted the Recommendation to dismiss Plaintiff's Amended Complaint with

prejudice.  (*Id*. at 2.)  On December 8, 2014, Plaintiff filed a Motion to Stay and a Motion

for Extension of Time to File Objections, which were both denied as moot.  (ECF No. 86.)

However, given her *pro se* status, the Court advised Plaintiff that she could "file a timely

motion under Federal Rules of Civil Procedure 59 and/or 60."  (*Id*.)

On January 2, 2015, Plaintiff filed the instant Motion under Federal Rules of Civil

Procedure 59 and 60 to vacate the Court's Order dismissing her Amended Complaint.

(ECF No. 89.)  Plaintiff asserts that she received Judge Boland's Recommendation on

November 29, 2014, and therefore did not have time to respond within the prescribed

fourteen day period.  (*Id*. at 3.)  Plaintiff further alleges that her failure to timely receive the

Recommendation is "an uncontrollable variable" that Rules 59 and 60 were designed to

correct.  (*Id*.)  Defendants' Response argues that Plaintiff has failed to assert any basis

for relief under Rule 59 or 60.  (ECF No. 96.)  The Court considers Plaintiff's arguments

below.

## II.  ANALYSIS

Rule 59(e) permits a Court to alter or amend a judgment on timely motion by a

party.[1]  Fed. R. Civ. P. 59(e).  "Rule [59(e)] was adopted to make clear that the district

---

[1]  Plaintiff filed her Motion within 28 days after entry of judgment dismissing her Amended Complaint.  (ECF No. 89.)  The Court will therefore analyze Plaintiff's Motion under Federal Rule of Civil Procedure 59.

court possesses the power to rectify its own mistakes in the period immediately following

the entry of judgment." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982)

(internal quotation marks omitted).  Accordingly, the Court may amend the judgment in its

discretion where there has been an intervening change in the controlling law, new

evidence that was previously unavailable has come to light, or the Court sees a need to

correct clear error or prevent manifest injustice.  *Servants of Paraclete v. Does*, 204 F.3d

1005, 1012 (10th Cir. 2000).  However, motions to alter or amend the judgment pursuant

to Rule 59(e) "are regarded with disfavor. . . [and are] 'not appropriate to revisit issues

already addressed or advance arguments that could have been raised in prior briefing.'"

*Kerber v. Qwest Gr. Life Ins. Plan*, 727 F. Supp. 2d 1076, 1077 (D. Colo. 2010) (quoting

*Servants of Paraclete*, 204 F.3d at 1012).

Plaintiff's primary argument is that she did not receive Judge Boland's

Recommendation in time to file a timely objection.  (ECF No. 89.)  However, the Court is

not persuaded that Plaintiff's failure to receive the Recommendation constitutes a basis

for granting the Motion "to correct clear error or prevent manifest injustice."  *Servants of

Paraclete*, 204 F.3d at 1012.  Service of the Recommendation was complete upon

mailing, Fed. R. Civ. P. 5(b)(2)(C), and "was not invalidated because Plaintiff was not in

physical receipt of [the Recommendation] when the Court ruled on it."  *Eames v. United

States,* 2014 WL 1757951, at *3 (D. Utah May 1, 2014) (unpublished); *see also United

States v. Mixon*, 1997 WL 685361, at *2 (D. Kan. Oct. 8, 1997) (unpublished)

("Non-receipt does not generally affect the validity of service.")  Plaintiff's assertion that

her objection was "timely filed within 14 days from being *received*" therefore provides no

grounds for relief.  (ECF No. 89 at 3) (emphasis added).

The Court notes, moreover, that this is not an isolated "timeliness" incident involving this Plaintiff.  Judge Boland previously warned Plaintiff that she "is responsible for providing the court and the defendants with a current address at which she may timely receive correspondence."  (ECF No. 64 at 2.)  In that Order, Judge Boland stated that although the filings were "mailed to the plaintiff at her address of record," she nonetheless failed to timely receive them.  (*Id.*)  This Court has also previously had difficulties reaching the Plaintiff at the address she provided, and noted Plaintiff's obligation to maintain current and accurate contact information.  (ECF No. 24 (citing D.C.COLO.LAttyR 5(c).)  The Court recognizes that the pleadings of *pro se* litigants must be liberally construed. *Ostler v. Utah*, 105 F. App'x. 232, 234 (10th Cir. 2004).  However, a *pro se* litigant is still obligated to follow the requirements of the Federal Rules of Civil Procedure.  *See id.*

The remainder of Plaintiff's Motion consists of unclear, confusing arguments, which appear generally to contend that relief from the Court's Order dismissing her Amended Complaint is warranted on the merits.  (ECF No. 89 at 2-4.)  However, Judge Boland recommended that Plaintiff's Amended Complaint be dismissed based on pleading deficiencies and Plaintiff's failure to comply with Colo. Rev. Stat. § 24-10-101, *et seq*.  (ECF No. 78.)  The Court found that Judge Boland's "analysis was thorough and sound."  (ECF No. 80.)  Plaintiff has also not submitted any new evidence that was previously unavailable, nor has there has been an intervening change in the controlling law.  *Servants of Paraclete*, 204 F.3d at 1012.  Having failed to show that relief is appropriate under Rule 59(e), Plaintiff's Motion is denied.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Set Aside Void and Vacate Order

(ECF No. 89) is DENIED.

Dated this 15th day of January, 2015.

BY THE COURT:

William J. Martinez
United States District Judge